## NEWARK BRASS WORKS v. THE STATE BOARD OF ASSESSORS.

Submitted March 20, 1899—Decided June 12, 1899.

1. The prosecutor is a corporation carrying on a manufacturing business in this state in which all its capital stock is invested and used.

2. An assessment of one-tenth of one per cent. upon the amount of its authorized capital was laid upon the company by the state board, the company having failed to make any return to the state board as required by the statute. The facts which entitle the prosecutor to exemption clearly appearing, the tax is set aside, but without costs.

On *certiorari*.

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Austin Van Gieson*.

For the defendant, *Samuel H. Grey*, attorney-general.

The opinion of the court was delivered by

VAN SYCKEL, J.   The prosecutor seeks by the writ in this case to be relieved from the assessment and payment of a tax of one-tenth of one per cent., levied by the state board of assessors upon the amount of its authorized capital stock, for the year 1897.

It is a manufacturing company, carrying on business in this state in which all its capital stock is invested and used.

The ground on which it is insisted that this tax should be paid is that it failed to make an annual return to the state board of assessors as required by the statute.

Although the prosecutor is admitted to be within that class of corporations which, by the act of April 18th, 1884, and its supplements, is exempted from the payment of the tax imposed, the state board is without the means of ascertaining whether a corporation is a manufacturing company, and the extent to which its capital stock is invested in business car-

ried on within this state, except by return made by the corporation to the demand which may be made upon it by the state board for such information as will enable the state board to carry out the provisions of the act.

Such demand was made upon the prosecutor in this case in March, 1897, and no response being given to it, the assessment now complained of was imposed upon it.

The facts which exempt this corporation under the provisions of the statute are clearly established, and therefore the assessment is without legal authority, and must be set aside, but whether costs shall be allowed to the prosecutor is within the discretion of the court. We think that public policy requires that under the circumstances of this case the assessment should be set aside without costs, and it is so ordered.